IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KRISTA L. KINNISON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-00950-CV-W-DPR-SSA |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of the Social Security | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (Doc. 16.) Pursuant to the EAJA, 28 U.S.C. § 2412, Plaintiff requests an award of court costs in the amount of $400.00 and attorney fees in the amount of $13,073.73, representing 62.6 hours of work with 3.2 hours charged at an hourly rate of $205.24 in 2019 and 59.4 hours charged at an hourly rate of $209.04 in 2020. (Docs. 16 and 16-1.)

Defendant objects to the request. (Doc. 18.) Defendant claims that the Commissioner's position was substantially justified despite the remand to address the apparent conflict between the vocational expert's (VE's) testimony and the Dictionary of Occupational Titles ("DOT") because the Court dismissed all of Plaintiff's other arguments and found that substantial evidence supported the remainder of the Commissioner's findings and conclusions. *Id.* at 3. Alternatively, Defendant argues that the amount of EAJA fees requested is excessive. Plaintiff filed a reply in support of the Motion, adding a request for "reimbursement for the time spent preparing a reply to Defendant's opposition to her Motion" in the amount of $877.96. (Docs. 19, 21.) Upon review, Plaintiff's Motion will be **GRANTED in part.**

The EAJA authorizes the payment of "reasonable fees and expenses of attorneys" to a prevailing party in an action against the United States, an agency, or a U.S. official, absent a showing by the Government that its position in the underlying litigation "was substantially justified." 28 U.S.C. §§ 2412(b), (d)(1)(A). The Government bears the burden of showing that the position was substantially justified, and the United States Court of Appeals for the Eighth Circuit interprets "position" to include the Government's "prelitigation and litigation" circumstances. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Iowa Exp. Distrib., Inc. v. N.L.R.B.*, 739 F.2d 1305, 1308, 1310 (8th Cir. 1984). To be "substantially justified," the position must be "justified to a degree that could satisfy a reasonable person." and have "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *see Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) ("To establish substantial justification, the [Commissioner] must show the denial had a reasonable basis in law and fact." (citing *Pierce*, 487 U.S. at 565-566)). "A substantially justified position need not be correct so long as a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (internal quotation marks and citations omitted); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) ("The Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact."). Nevertheless, "[w]here the [G]overnment forces a party into lengthy administrative proceedings before final vindication of his or her rights . . . the [G]overnment should have to make a strong showing . . . that its action was reasonable." *Cornella v. Schweiker*, 728 F.2d 978, 982 (8th Cir. 1984).

Here, since the Court granted a remand, there is no dispute that Plaintiff is a prevailing party. (Doc. 18 at 3.) Accordingly, Defendant bears the burden to show that its position was

2

substantially justified and has a reasonable basis in law and fact. Defendant contends that its position was "reasonable and therefore substantially justified," noting that "the Court remanded this case for the ALJ to address an apparent conflict between the [VE's] testimony and the [DOT]" but "dismissed all of Plaintiff's other arguments, finding that substantial evidence supported the remainder of the Commissioner's findings and conclusions." *Id.* While the Court did indeed dismiss Plaintiff's other arguments, Defendant's position regarding the apparent conflict—the grounds for remand—was not reasonable.

Pursuant to S.S.R. 00-4p, the Court found that the ALJ failed to elicit an explanation from the VE regarding an apparent conflict between the VE's testimony that a hypothetical individual who "cannot tolerate interaction with the public" could perform jobs requiring at least *some interaction* with the public according to the DOT. (Doc. 14 at 3 and Doc. 7-10 at 956-957.) Defendant's response to this issue, that the jobs at issue "do not require significant interaction with people," (doc. 12 at 18) had no basis in law or fact, as it ignored the explicit limitation in both the hypothetical and the RFC against *all interaction* with the public. *Id.* As a result, Defendant was not substantially justified in defending its position "to a degree that could satisfy a reasonable person" given the obvious and unresolved conflict between the VE's testimony and the DOT, which resulted in the Commissioner's failure to meet his burden at step four. *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b), 404.1565.

Next, the Court must independently determine whether Plaintiff's requested attorney fees are "reasonable," and in its discretion may exclude hours from the fee award calculation that were not "reasonably expended." 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Rogers v. Kelly*, 866 F.2d 997, 1001 (8th Cir. 1989) ("The amount of the fee must be determined on the facts of each case, and the district court has wide discretion in making this

determination."). The Court may consider "whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Johnson v. Barnhart*, 2004 WL 213183, at *1 (W.D. Mo. 2004) (citing *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994)); *see also Hensley*, 461 U.S. at 433 (explaining that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate").

Defendant argues that Plaintiff seeks compensation for an unreasonable number of hours. Defendant does not object to the hourly dollar amounts in Plaintiff's award request nor does Defendant propose what the "reasonable" number of hours or appropriate reduction in hours should be. Nevertheless, Defendant raises concern as to the following time entries: **31.1 hours** to review and summarize the transcript, outline potential grounds for appeal, and research DOT jobs identified by the VE; **20 hours** to draft four issues in the argument section and the remainder of the brief and to edit the entire 63-page brief; and **5.6 hours** to review Defendant's Brief and prepare a 9-page reply brief. (Doc. 18 at 5-6 and Doc. 16-1).

Defendant asserts that Plaintiff's counsel billed an excessive number of hours to review and summarize the transcript and that while the record in the case was larger than average, it was not so large as to require "three times the hours typically required" for a social security case.[1] (Doc. 18 at 5.) Defendant also highlights that approximately 15 pages of the brief were nearly identical to the brief filed by Plaintiff in the previous district court case. *Id.; see Kinnison v. Berryhill,* No. 4:14-cv-0600-CV-W-DPR-SSA, Doc. 10 at 1-15. Plaintiff responds that the

---

[1] In its Response to Plaintiff's Motion, the Government identifies hours (22.9 hours) spent over three days and additional time (8.2 hours) on a fourth day (totaling 31.1 hours) to review and summarize the transcript to be excessive. (Doc. 18 at 5.)

4

requested hours are not unreasonable because the file consisted of 3332 pages with 1928 pages of new medical records to be reviewed and summarized. (Doc. 19 at 6.) The Court recognizes that this case involved an unusually voluminous record. However, after careful consideration, the Court finds that approximately 13.5 pages of the 50-page statement of facts were nearly identical to those in the initial brief submitted in the previous district court case. (*Compare* Doc. 11 at 3-17 to *Kinnison*, No. 4:14-cv-0600, Doc. 10 at 1-15.) Furthermore, the 50-page statement of facts provides standard background information and does not contain novel or complex issues, nor does drafting of the statement of facts require specialized skill or knowledge. Therefore, this Court finds that 31.1 hours for transcript review and summary should be reduced by 27%[2], or 8.4 hours, to account for the identical material in the statement of facts.

Defendant next generally asserts that "over 51 hours" preparing the 63-page brief was excessive (doc. 18 at 5), which includes 31.1 hours reviewing and summarizing the transcript as discussed above and 20 hours addressing 4 issues in the argument section and revising the entire brief. (Doc. 16-1.) A breakdown of the 20 hours includes: 6.5 hours to address 2 of Plaintiff's appeal issues, consisting of approximately 5 pages; 5 hours to draft Plaintiff's mental RFC issue, consisting of approximately 5 pages; 5 hours to draft Plaintiff's physical RFC issue, consisting of approximately 2 pages; and 3.5 hours to draft the remainder of the brief as well as review, proof, and edit the entire 63-page brief. (Doc. 16-1 and Doc. 11 at 51-63.)

This was a straightforward social security disability case, and Plaintiff's counsel raised 4 standard issues in the argument section that are neither novel, difficult nor complex. *See Stockton*, 36 F.3d at 50 (reducing the number of attorney hours due to excessive preparation time for a typical case); *Thomas v. Astrue*, 2012 WL 1564291, at *1 (W.D. Mo. Apr. 25, 2012) (explaining that the

---

[2] The 13.5 pages represent 27% of the 50-page statement of facts.

usual time claimed in social security cases where issues that are not particularly complex or novel is 15 to 20 hours and concluding that 24 hours to write a 21-page brief to be excessive); *but see Brissette v. Heckler*, 784 F.2d 864, 865 (8th Cir. 1986) (finding 46.25 hours spent reasonable in light of the complexity of the case) and *Glenn v. Astrue*, 2011 WL 2135454, at *3 (W.D. Mo. May 31, 2011) (explaining that 30 to 40 hours is not an unreasonable amount of time to spend writing a good quality brief in a Social Security case and concluding that 48.3 hours was reasonable given the high stakes, abnormally long and medically complex administrative record, and five arguments raised). Reviewing the time delineated to prepare arguments for each of the 4 standard issues while accounting for the voluminous nature of the administrative record (over 3000 pages), the Court finds 5 hours to draft the 2-page physical RFC issue and 6.5 hours to address 2 other appeal issues in 5 pages to be excessive. However, the remaining hourly allotments in the 20-hour breakdown are reasonable. Accordingly, the 5 hours to draft the physical RFC is reduced to 2 hours and the 6.5 hours to address 2 standard issues is reduced to 5 hours, representing a total reduction of 4.5 hours from the 20 hours under review. The exclusion of 4.5 hours (from 20 hours) and 8.4 hours (from 31.1 hours) reduces the total hours to prepare the initial brief from 51.1 hours to 38.1 hours, which falls squarely within a reasonable range of 30-40 hours to prepare a quality brief while accounting for the unusually large administrative record and the 4 standard issues raised. *See Glenn*, 2011 WL 2135454, at *3.

Defendant also argues that 5.6 hours to prepare a 9-page reply brief, which reiterated arguments in the initial brief to be excessive. The Court disagrees, finding the 5.6 hours to review Defendant's 19-page brief (doc. 12) and respond adequately via a 9-page reply brief (doc. 13) to be reasonable under the circumstances.

6

Finally, in her reply brief, Plaintiff contends that attorney fees should also be awarded for hours spent preparing the reply to the Government's opposition to the Motion. (Doc. 18 at 5.) *See Commr., I.N.S. v. Jean*, 496 U.S. 154, 162-166 (1990) (explaining parties are entitled to attorney fees for litigating a fee dispute and that courts have substantial discretion to adjust the amount if exorbitant or unfounded for various portions of the litigation); *Hensley*, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation."); *Sullivan v. Hudson*, 490 U.S. 877, 888, (1989) (explaining that where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded"). Per the Court's Order on January 27, 2021, Plaintiff supplemented her reply brief and requested an additional award in the amount of $877.96, representing 4.2 hours charged at an hourly rate of $209.04 for time spent replying to Defendant's opposition to the Motion. Based on the Court's experience in these matters, the Court finds that 4.2 hours to review the Government's 6-page response and prepare the 9.5-page reply brief to be reasonable.

Based on the foregoing, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA in the total amount of $11,255.08, including 3.2 hours at an hourly rate of $205.24 and 50.7 hours at an hourly rate of $209.04 as well as court costs in the amount of $400.00. Per Plaintiff's Affidavit (doc. 16-2), the award may be made payable to Roger M. Driskill. Accordingly, it is **ORDERED** that

1. The Motion for Attorney Fees is **GRANTED in part;**
2. An award of attorney fees in the amount of $11,255.08 shall be paid by the Social Security Administration, subject to offset to satisfy any pre-existing debt Plaintiff may owe to the United States; and

3. Reimbursement in the amount of $400.00 for the filing fee of this action shall be paid from the Judgment Fund administered by the United States Treasury.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: February 1, 2021